IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY BURNS, JR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>REGAN H. BRADFORD, et al., )<br>)<br>    Defendants. ) | Case No. CIV-25-274-SLP |

**O R D E R**

Plaintiff, appearing pro se and in forma pauperis, has filed a Complaint [Doc. No. 1] against Defendants Dr. Regan H. Bradford, Dean McGee Eye Institute, and "Insurance Holders."[1] [Doc. No. 1] at 1–2. For the following reasons, this action is DISMISSED.

**I.   Subject Matter Jurisdiction**

The Court has first reviewed the Complaint to determine whether the exercise of subject matter jurisdiction is proper. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("[A] court may sua sponte raise the question of whether there is subject matter jurisdiction at any stage in the litigation." (internal quotation marks omitted)). Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded. *See* Fed. R. Civ. P. 8(a)(1). Because Plaintiff is proceeding pro se, the Court liberally construes the allegations contained in his Complaint. But the Court applies the same legal standards and does not

---

[1] Citations reflect ECF designation and pagination. Spelling, capitalization, and formatting are unaltered unless otherwise indicated.

"serv[e] as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

The Complaint indicates the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.[2] [Doc. No. 1] at 3. Plaintiff asserts claims under the First and Thirteenth Amendments, and he seeks $483 trillion in damages. *Id.* at 4. As the basis of his constitutional claims, Plaintiff alleges:

> Dr. Bradford of Dean Mcgee Eye Institute without authorization, performed a Lobotomy, wired my brain, placed a camera in my left eye, inserted two wires next to my trachea, installed speakers in my ears, put microchips inside my body which conduct deplorable scientific Mind-Controlling experimentation upon my life an body, and implement Homacidal instilligence of my family members, in order to turn me into an enslaved American citizen under the guise of Medicare/Medicaid Insurance fraud of Retinal reattachbent.

[Doc. No. 1-1] at 3. Plaintiff's alleged constitutional claims against Dr. Bradford, the Dean McGee Eye Institute, and "Insurance Holders" are insufficient to invoke federal jurisdiction. Each of the named Defendants is a private actor, and this Court "cannot enforce a federal constitutional right as against a private actor." *Wideman v. Watson*, 617 F. App'x 891, 893 (10th Cir. 2015); *see also Hooks v. Ahmed*, No. CIV-23-36-D, 2023 WL

---

[2] Plaintiff alleges that he is a citizen of Oklahoma, as are Defendants Dr. Bradford and Dean McGee Eye Institute. [Doc. No. 1] at 3–4. Accordingly, it is clear from the allegations in the Complaint that the Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2844405, at *6 (W.D. Okla. Mar. 10, 2023) (finding no jurisdictional basis for constitutional claims against Dean McGee Eye Institute or doctor), *report and recommendation adopted*, No. CIV-23-36-D, 2023 WL 2842776 (W.D. Okla. Apr. 7, 2023).

To be sure, Plaintiff goes on to allege "High Ranking Government Officials [and] Agencies" are involved. [Doc. No. 1-2] at 2; *see also* [Doc. No. 1-10] at 1 (referencing "a United States of America's Governmental experiment gone wrong"). But there is nothing to suggest that the Defendants were acting under color of state law, as required under 42 U.S.C. § 1983, nor that the defendants are "federal officer[s] or w[ere] acting 'under color of federal law or authority,' as required for a *Bivens* action." *Wideman*, 617 F. App'x at 894. Vague allusions to government involvement are not sufficient to establish that the named Defendants are anything other than private actors. Because there is no basis for Plaintiff to pursue his claims in federal court, this action must be dismissed for lack of jurisdiction.

## II. <u>Section 1915</u>

Alternatively, the Court finds dismissal of the Complaint is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint may dismissed under § 1915 if it includes only "claims describing fantastic or delusional scenarios." *Id.* at 328.

Plaintiff's claims fall into this category. He alleges that surgeons implanted a device in his brain during an eye surgery several years ago. *See, e.g.*, [Doc. No. 1-7] at 1. He claims that the implant causes him to see upsetting images and inhibits his ability to seek help. *See id.* ("Every time I've attempted to call the C.I.A. or F.B.I my calls were intercepted and the IMPLANT impersonates you."). Courts have routinely rejected these types of allegations as frivolous, and the Court does the same here. *See Bahrampour v. Sec'y of Air Force*, 794 F. App'x 802, 803 (10th Cir. 2020) (citing cases). Accordingly, because Plaintiff's Complaint is frivolous pursuant to § 1915(e)(2)(B)(i), it is subject to dismissal.

### III. Conclusion

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 26th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE